UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLE FRANKLIN, on behalf of herself and all others similarly situated, | No. 2:19-cv-0907 JAM DB |
| Plaintiffs, | |
| | ORDER |
| v. | |
| SAN JOAQUIN GENERAL HOSPITAL AND SAN JOAQUIN GENERAL HOSPITAL FOUNDATION, | |
| Defendants. | |

On August 4, 2020, plaintiff filed a motion to compel and noticed the motion for hearing before the undersigned pursuant to Local Rule 302(c)(1). (ECF No. 20.) Plaintiff also filed a 29-page memorandum in support. (ECF No. 20-1.) On August 17, 2020, plaintiff filed an application for leave to exceed the assigned District Judge's 15-page limitation with respect to the motion to compel and memorandum in support. (ECF No. 21.) On August 19, 2020, defendants filed an opposition arguing, in part, that plaintiff's filing represented an "improper effort to influence" the assigned District Judge and was the result of filing a "defective motion to compel, as will be fully explained in Defendant's forthcoming opposition to that motion." (ECF No. 22 at 2.) Defendants later filed an opposition to the motion to compel. (ECF No. 23.)

////

1

The parties' briefing, however, is misguided in two respects. First, Local Rule 251(a) provides that discovery motions may be heard by filing a notice of motion and motion scheduling the hearing date. "No other documents need be filed at this time." Local Rule 251(a). Local Rule 251(c) provides that, if after filing notice of the motion and continued meet and confer efforts the moving party is still dissatisfied, the parties shall draft and file a "Joint Statement re Discovery Disagreement." "All arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed." Id.

Second, because the motion at issue is a discovery motion noticed for hearing before the undersigned, it is the undersigned's standing page limitation that is applicable. In this regard, the undersigned's Standard Information re discovery disputes set forth on the court's web page explains that joint statements filed before the undersigned shall not exceed twenty-five pages, excluding exhibits.[1]  See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.

Accordingly, IT IS HEREBY ORDERED that plaintiff's August 17, 2020 application for leave to exceed page limit (ECF No. 21) is denied.[2]

Dated: August 27, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/franklin0907.pg.limit.den.ord

---

[1] The parties are advised that title pages, tables of contents, tables of citations, etc., all count toward the twenty-five-page limit.

[2] Review of plaintiff's application for leave to exceed the page limitations finds nothing that would cause the undersigned to grant leave to exceed the undersigned's 25-page limit.

2